UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JIMMY DEAN HOLLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. |
| | ) |
| UNITED FACILITIES, INC., an Illinois | ) |
| Corporation, and DARREN CANTARINI, | ) |
| | ) |
| Defendants | ) |

## COMPLAINT AT LAW

Plaintiff, Jimmy Dean ("Jim") Hollis, by and through his attorneys, KATZ NOWINSKI P.C., by the undersigned, for his Complaint at Law against the Defendants United Facilities, Inc. and Darren Cantarini, states:

## COUNT I – FMLA - INTERFERENCE with FMLA ENTITLEMENT vs. UNITED FACILITIES, INC.

1. Plaintiff brings Count I pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq*.

2. Jimmy Dean Hollis (hereinafter "Hollis" or "plaintiff") is and was at all times material hereto a resident of Kirkwood, Warren County, Illinois.

3. Defendant United Facilities, Inc. (hereinafter referred to as "United Facilities" or "defendant") is an Illinois corporation, not in good standing with the Illinois Secretary of State, which operates in Galesburg, Knox County, Illinois.

4. This court has subject matter jurisdiction pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq*, and 28 U.S.C. § 1331.

2

5.  At all times relevant to this cause of action, defendant operated a facility at which plaintiff worked in Galesburg, Knox County, Illinois, in the Central District of Illinois, and all relevant incidents from which this cause of action arose occurred in the Central District of Illinois; therefore, venue is proper.

6.  Pursuant to Local Rule 40.1(F), the basis for filing in the Rock Island Division is that plaintiff worked in Knox County, Illinois, and all relevant incidents from which this cause of action arose occurred in Knox County, Illinois.

7.  Plaintiff was employed by United Facilities from approximately March, 2004 until approximately November 20, 2018, last holding the position of lift truck operator.

8.  Defendant at all relevant times employed over 50 persons within a 75 mile radius and therefore is an "employer" for purposes of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").

9.  Hollis was an employee of United Facilities, who, prior to November 4, 2018, had worked more than 1,250 hours of service for United Facilities during the previous 12-month period and had been continuously employed by defendant for more than 12 months since the commencement of his employment in March, 2004.

10.  On or about November 4, 2018, Hollis fell at home and broke his ribs.

11.  Plaintiff called into work to report his absence on November 5, 6 and 7, 2018.

12.  Plaintiff informed defendant on November 7, 2018, that he would come in the next day, November 8, 2018, to pick up FMLA paperwork.

3

13. On November 8, 2018, Hollis picked up the "Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act)" ("FMLA Certification") from defendant.

14. Hollis returned the FMLA Certification, signed by his doctor, Dr. Ronald K. Leonard, to defendant that same day (November 8, 2018).

15. The FMLA Certification signed by Dr. Leonard indicated that plaintiff was to continue to be off work from November 8, 2018 through November 10, 2018.

16. On November 8, 2018, defendant provided to plaintiff a "Notice of Eligibility and Rights & Responsibilities (Family and Medical Leave Act)."

17. Defendant acknowledged on this "Notice of Eligibility and Rights & Responsibilities (Family and Medical Leave Act)" that "On 11/08/2018, you informed us that you needed leave beginning on November 4, 2018 for … your own serious health condition."

18. As further indicated on the "Notice of Eligibility and Rights & Responsibilities (Family and Medical Leave Act)," defendant informed plaintiff that he was "eligible for FMLA leave."

19. Plaintiff had a vacation from November 11 through November 19, 2018 that had been scheduled well in advance of his FMLA qualifying injury.

20. Plaintiff returned to work on November 20, 2018.

21. Plaintiff had been working approximately three hours on November 20, 2018 when he was called in and given a "Corrective Action Form" placing him on suspension for alleged "2nd violation failure to notify the company of absence not calling in."

4

22.  The decision to suspend and/or discipline plaintiff was based in part on Hollis's absences on November 8, 2018 and November 9, 2018.

23. Specifically as to November 8, 2018, the "Corrective Action Form" dated on or about November 20, 2018 (the document indicates plaintiff "refused to sign" on November 20, 2018, but has a date stamp of November 21, 2018) listed as reason for the corrective action "11/8/18 Employee failed to notify the company of his absence."

24. Of course, plaintiff had repeatedly "notified the company" of his absence on November 8, 2018, by actually showing up at work that day to inform defendant that he needed FMLA leave, by picking up the FMLA Certification on November 8, 2018, and returning the signed Certification that same day, November 8, 2018, and then receiving from defendant on November 8, 2018 the "Notice of Eligibility and Rights & Responsibilities."

25. Specific to the 11/9/18 absence, defendant presented plaintiff with an additional Corrective Action Form on November 20, 2018, this one terminating plaintiff for an alleged "3rd violation failure to notify the company of absence not calling in," asserting "11/9/18" as the final date Hollis allegedly "failed to notify the company of his absence."

26. Defendant had reasonably been informed or notified of plaintiff's absence on November 9, 2018, and/or misled plaintiff into believing that he did not need to call in for his FMLA covered absence on November 9, 2018.

27.  Defendant unlawfully interfered, restrained, denied, and discriminated against Plaintiff's attempt to exercise his rights to FMLA leave in one or more of the following manners in violation of 29. U.S.C. § 2615(a):

5

    a. Considered absences on November 8, 2018 and November 9, 2018 (that should have been protected FMLA leave time) as part of a disciplinary action, suspension and/or termination decision against plaintiff;

    b. Used and/or consulted the fact that plaintiff had absences for what did and/or should have qualified as FMLA time against plaintiff as part of the reason to terminate him because the protected leave time was included in the grounds of plaintiff's ultimate termination;

    c. Failed to provide Plaintiff with protected leave when defendant knew of Plaintiff's medical issues; and

    d. Terminated Plaintiff because of his serious health conditions and time off work.

28. As a proximate result of defendant's violation(s) of the FMLA, plaintiff is entitled to and seeks recovery of damages under 29 U.S.C. § 2617(a) equal to the amount of back wages that he lost from November 20, 2018 through the date of trial, an additional amount equal to the lost employment benefits including pension, retirement payments and health insurance coverage payments, interest on all amounts at the prevailing rate, liquidated damages equal to the amount of lost wages, salaries, employment benefits, and other compensatory damages and interest on that amount.

29. Pursuant to 29 U.S.C. § 2617(a)(3), Hollis is entitled to and seeks recovery of reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action.

30. Pursuant to 29 U.S.C. § 2617, Hollis is entitled to and seeks equitable relief in the nature of reinstatement and/or front pay.

WHEREFORE, Plaintiff Jimmy Dean Hollis hereby requests this court enter judgment in his favor and against Defendant United Facilities, Inc., in a just and reasonable amount for compensatory and liquidated damages, plus the costs of the action, and an amount equal to reasonable attorneys' fees and expert witness fees, and grant such other and further equitable relief as the court deems necessary and appropriate.

## COUNT II – FMLA DISCRIMINATION AND RETALIATION vs. UNITED FACILITIES, INC

1-26. Plaintiff realleges and restates ¶¶ 1-26 of Count I of this Complaint as though fully set forth as ¶¶ 1-26 of Count II.

27. Defendant terminated Hollis because of his attendance.

28. Hollis's only absences were in relation to his serious health condition.

29. Any termination based upon attendance was necessarily motivated by Hollis taking leave or intermittent leave, protected by the FMLA

30. Hollis was therefore terminated from his employment with defendant for taking leave protected under the Family and Medical Leave Act.

31. Defendant thus retaliated against Hollis for exercising or attempting to exercise his rights under the Family and Medical Leave Act.

32. Defendant unlawfully discriminated and retaliated against Plaintiff's attempt to exercise his rights to FMLA leave in violation of 29 U.S.C. § 2615(a) by discharging the Plaintiff on November 20, 2018, because of his serious health conditions and time off work in violation of the FMLA.

7

33.  As a proximate result of defendant's violation(s) of the FMLA, plaintiff is entitled to and seeks recovery of damages under 29 U.S.C. § 2617(a) equal to the amount of back wages that he lost from November 20, 2018 through the date of trial, an additional amount equal to the lost employment benefits including pension, retirement payments and health insurance coverage payments, interest on all amounts at the prevailing rate, liquidated damages equal to the amount of lost wages, salaries, employment benefits, and other compensatory damages and interest on that amount.

34.  Pursuant to 29 U.S.C. § 2617(a)(3), Hollis is entitled to and seeks recovery of reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action.

35.  Pursuant to 29 U.S.C. § 2617, Hollis is entitled to and seeks equitable relief in the nature of reinstatement and/or front pay.

WHEREFORE, Plaintiff Jimmy Dean Hollis hereby requests this court enter judgment in his favor and against Defendant United Facilities, Inc., in a just and reasonable amount for compensatory and liquidated damages, plus the costs of the action, and an amount equal to reasonable attorneys' fees and expert witness fees, and grant such other and further equitable relief as the court deems necessary and appropriate.

**COUNT III – FMLA - INTERFERENCE with FMLA ENTITLEMENT vs. DARREN CANTARINI**

1-26. Plaintiff realleges and restates ¶¶ 1-26 of Count I of this Complaint as though fully set forth as ¶¶ 1-26 of Count III.

8

27. Defendant Darren Cantarini is an employer as defined in the FMLA, specifically one who "acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I).

28. Defendant Cantarini had supervisory authority over the plaintiff.

29. Defendant Cantarini is and was at least partly responsible for the alleged violation herein.

30. Defendant Cantarini unlawfully interfered, restrained, denied, and discriminated against Plaintiff's attempt to exercise his rights to FMLA leave in one or more of the following manners in violation of 29. U.S.C. § 2615(a):

    a. Considered absences on November 8, 2018 and November 9, 2018 (that should have been protected FMLA leave time) as part of a disciplinary action, suspension and/or termination decision against plaintiff;

    b. Used and/or consulted the fact that plaintiff had absences for what did and/or should have qualified as FMLA time against plaintiff as part of the reason to terminate him because the protected leave time was included in the grounds of plaintiff's ultimate termination;

    c. Failed to provide Plaintiff with protected leave when defendant knew of Plaintiff's medical issues; and

    d. Terminated Plaintiff because of his serious health conditions and time off work.

31. As a proximate result of defendant Cantarini's violation(s) of the FMLA, plaintiff is entitled to and seeks recovery of damages under 29 U.S.C. § 2617(a) equal to the amount of back wages that he lost from November 20, 2018 through the date of trial, an additional amount equal

to the lost employment benefits including pension, retirement payments and health insurance coverage payments, interest on all amounts at the prevailing rate, liquidated damages equal to the amount of lost wages, salaries, employment benefits, and other compensatory damages and interest on that amount.

32. Pursuant to 29 U.S.C. § 2617(a)(3), Hollis is entitled to and seeks recovery of reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action.

WHEREFORE, Plaintiff Jimmy Dean Hollis hereby requests this court enter judgment in his favor and against Defendant Darren Cantarini, in a just and reasonable amount for compensatory and liquidated damages, plus the costs of the action, and an amount equal to reasonable attorneys' fees and expert witness fees, and grant such other and further equitable relief as the court deems necessary and appropriate.

## COUNT IV – FMLA DISCRIMINATION AND RETALIATION vs. DARREN CANTARINI

1-29. Plaintiff realleges and restates ¶¶ 1-29 of Count III of this Complaint as though fully set forth as ¶¶ 1-29 of Count IV.

27. Defendant Cantarini terminated Hollis because of his attendance.

28. Hollis's only absences were in relation to his serious health condition.

29. Any termination based upon attendance was necessarily motivated by Hollis taking leave or intermittent leave, protected by the FMLA

30. Hollis was therefore terminated from his employment with defendant for taking leave protected under the Family and Medical Leave Act.

10

31. Defendant Cantarini thus retaliated against Hollis for exercising or attempting to exercise his rights under the Family and Medical Leave Act.

32. Defendant Cantarini unlawfully discriminated and retaliated against Plaintiff's attempt to exercise his rights to FMLA leave in violation of 29 U.S.C. § 2615(a) by discharging the Plaintiff on November 20, 2018, because of his serious health conditions and time off work in violation of the FMLA.

33. As a proximate result of defendant Cantarini's violation(s) of the FMLA, plaintiff is entitled to and seeks recovery of damages under 29 U.S.C. § 2617(a) equal to the amount of back wages that he lost from November 20, 2018 through the date of trial, an additional amount equal to the lost employment benefits including pension, retirement payments and health insurance coverage payments, interest on all amounts at the prevailing rate, liquidated damages equal to the amount of lost wages, salaries, employment benefits, and other compensatory damages and interest on that amount.

34. Pursuant to 29 U.S.C. § 2617(a)(3), Hollis is entitled to and seeks recovery of reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action.

WHEREFORE, Plaintiff Jimmy Dean Hollis hereby requests this court enter judgment in his favor and against Defendant Darren Cantarini, in a just and reasonable amount for compensatory and liquidated damages, plus the costs of the action, and an amount equal to reasonable attorneys' fees and expert witness fees, and grant such other and further equitable relief as the court deems necessary and appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL**

11

                    JIMMY DEAN HOLLIS, Plaintiff

                    By:  /s/ John F. Doak
                          John F. Doak

For:
KATZ NOWINSKI P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone:  309-797-3000
Fax:  309-797-2167
Email:  jdoak@katzlawfirm.com

s:\JFD\Hollis\Complaint